

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 9, 1953

Hon. Robert S. Calvert                    Opinion No. S-64
Comptroller of Public Accounts
Capitol Station                           Re:  Validity of the
Austin, Texas                                  appropriations in
                                               House Bill 39, Acts
                                               53rd Legislature,
                                               1953, relating to
                                               motor vehicle in-
                                               spection, in the
                                               absence of certifi-
                                               cation by the Comp-
                                               troller under Sec.
                                               49a, Art. III, Con-
Dear Sir:                                      stitution of Texas.

          You have requested the opinion of this office
on whether the appropriations made in House Bill 39,
Acts of the 53rd Legislature, are "of such a nature as
to require the certificate of the Comptroller provided
for in Section 49a of Article III of the State Consti-
tution."

          House Bill 39 amends the sections of the
Uniform Act Regulating Traffic on Highways (Art. 6701d,
V.C.S.) which deal with inspection of vehicles and which
are usually referred to as the Motor Vehicle Inspection
Law.  Although enacted as a general law, the bill con-
tains two appropriations which are effective for a period
of two years if they are otherwise valid.  Your question
relates to their validity in the light of Section 49a
of Article III of the Constitution, which reads in part
as follows:

               "From and after January 1, 1945, save
          in the case of emergency and imperative pub-
          lic necessity and with a four-fifths vote of
          the total membership of each House, no appro-
          priation in excess of the cash and antici-
          pated revenue of the funds from which such
          appropriation is to be made shall be valid.
          From and after January 1, 1945, no bill con-
          taining an appropriation shall be considered

as passed or be sent to the Governor for
consideration until and unless the Comptrol-
ler of Public Accounts endorses his certif-
icate thereon showing that the amount appro-
priated is within the amount estimated to be
available in the affected funds."

The effect of the failure to obtain the Comp-
troller's certification on House Bill 39 must be con-
sidered from the standpoint of three separate appro-
priations, namely:

(1) The appropriation contained in House Bill
111, Acts 53rd Leg. (General Appropriation Act) for
administration of the Motor Vehicle Inspection Division
of the Department of Public Safety during the biennium
beginning September 1, 1953.

(2) The appropriation in Section 3 of House
Bill 39 for supplementation of salaries of certain em-
ployees of the Department of Public Safety and employ-
ment of additional patrolmen.

(3) The appropriation contained in Section 6
of House Bill 39 for refunds on unissued inspection
certificates.

The Motor Vehicle Inspection Law, as enacted
by Chapter 141, Acts of the 52nd Legislature, 1951 (a-
mending Secs. 140-142, Art. 6701d, V.C.S.) created the
Motor Vehicle Inspection Fund and allocated the moneys
in the Fund for use in the administration of the law.
Subdivision (a) of Section 141. Subdivision (g) of
Section 140 authorized the appointment and compensation
of officers and employees to carry out the provisions of
the section "within the amounts made available by appro-
priation." The amounts appropriated for this purpose for
the biennium beginning September 1, 1953, are fixed by
the General Appropriation Act at $432,480 for the year
ending August 31, 1954, and at $421,680 for the year
ending August 31, 1955. H.B. 111, Acts 53rd Leg. House
Bill 111 was passed on April 14, 1953, was duly certified
by the Comptroller as within the available revenues, and
was approved by the Governor on April 29, 1953. All of
this occurred prior to the enactment of House Bill 39.

Immediately following the provision creating
the Motor Vehicle Inspection Fund and allocating it for
administrative expenses, Subdivision (a) of Section 141,
Article 6701d, as amended in Section 3 of House Bill 39,

contains the following new provision:

> ". . . Provided, however, that any
> balance remaining in such fund which is
> determined at any time by the Public Safety
> Commission to be in excess of the amount
> required for the administration of this
> Act may be used by, and is hereby appro-
> priated to, the Texas Department of Public
> Safety, to be used as follows: . . ."

The purposes then set out in the statute are (1) supplementation of salaries of certain classes of employees and (2) employment of additional highway patrolmen.

While not effective as a continuing appro-priation, this is an appropriation for two years. The section appropriates the balance over and above other amounts appropriated from the Motor Vehicle Inspection Fund. If no balance exists, nothing is appropriated; if a balance does exist, that and no more is appropriated. The only action which the Comptroller could possibly have taken if House Bill 39 had been sent to him for certifi-cation would have been to certify that the amount ap-propriated in this section was within the anticipated revenue. We think this appropriation falls within the purview of Attorney General's Opinion 0-6626 (1945), which held that an appropriation of all the money coming into a specific fund, without stating any specific amount, did not have to be certified, since the amount appro-priated could not possibly exceed the available revenue.

Coming to the appropriation contained in Sec-tion 6 of House Bill 39, this appropriation reads:

> "As much of the Motor Vehicle Inspection
> Fund as may be necessary is hereby appropriated
> and set aside to pay refunds as provided by law."

Under the Motor Vehicle Inspection Law prior to amendment by House Bill 39 (as it existed at the time House Bill 111 was certified), the Department of Public Safety furnished blank inspection certificates to the inspection stations, and upon issuance the inspection station remitted to the Department of Public Safety for each certificate issued by it 25 cents of the $1.00 fee paid by the vehicle owner. An amendment made in House

Bill 39 permits the Department of Public Safety to re-
quire each inspection station to make an advance pay-
ment of 25 cents on each certificate blank furnished to
it, and the inspection station is entitled to a refund
on all unissued certificate blanks which it later
returns to the Department. The appropriation in
Section 6 is for paying these refunds.

This change in procedure will not affect
the ultimate amount of revenue derived under the Motor
Vehicle Inspection Law. For every refund which is made,
there must have been a prior payment into the Motor
Vehicle Inspection Fund which would not have been made
under the old procedure. At the time House Bill 39 was
passed, there was no way of estimating how much of the
money which may be deposited in the Fund as advance pay-
ments will be paid out in the form of refunds. However,
the amount cannot be greater than the increase in de-
posits over the amount which the State would receive if
its portion of the inspection fee was remitted after
the certificate was issued. For each refund there would
have to be a corresponding prepayment. If House Bill
39 had been submitted to the Comptroller for certifi-
cation, the only action he could have taken would have
been to certify that funds for paying this appropriation
would be available. In keeping with the import of the
holding in Opinion O-6626, we are of the opinion that
certification is not necessary under these circumstances.

## SUMMARY

Section 49a of Article III, Consti-
tution of Texas, does not require sub-
mission of an appropriation bill to the
Comptroller for certification if the
nature of the appropriation is such that
the only action the Comptroller could take
would be to certify that the amount appro-
priated is within the amount estimated to
be available in the affected funds. The
appropriations in House Bill 39, Acts 53rd
Legislature (Motor Vehicle Inspection Law)
for additional salary payments out of the
balance remaining in the Motor Vehicle
Inspection Fund and for payment of refunds
on unissued inspection certificates are of

this nature.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant

APPROVED:

John Ben Shepperd
Attorney General